UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEOFFREY BAKER, et al., | Case No:  CV  08-3974 SBA |
| Plaintiffs, | |
| vs. | **ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| ARKANSAS BLUE CROSS, et al., | |
| Defendants. | [Docket 95] |

The parties presently are before the Court on Plaintiff's Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.  Having received, read and considered the papers filed in connection with the application, and being fully informed, the Court DENIES the application.

## I.      BACKGROUND

Plaintiff Geoff Baker ("Plaintiff" or "Baker") is the founder of a software company called Med-Vantage, Inc. ("Med-Vantage"), which is *not* a party to this action.  Med-Vantage sells data analysis software for use by health plans.  In August 2007, B.P Informatics LLC ("BPI") gained control of Med-Advantage by purchasing a 52% interest in the company, leaving Baker with only a 31% equity interest.  According to Plaintiff, BPI has since operated the company for its own self interest, at the expense of the minority shareholders.  Among other things, Plaintiff complains that BPI installed its own board members and failed to vote for his board nominee, which he claims is in violation of the stockholders' agreement.  The board election took place in December 2008, at which time BPI voted for its six nominees.

On March 17, 2009, Plaintiffs filed a First Amended Complaint ("FAC") against BPI and various other entities and individuals.  The FAC alleges four state law causes of action for (1) Breach of Fiduciary Duty and (2) Minority Shareholder Oppression; (3) Violation of Unfair

1  Competition Law; and (4) Breach of Contract (solely against BPI).  The FAC alleges, *inter alia*,

2  that Defendants acted in a self-interested manner, thereby causing the company to lose value.  The

3  breach of contract claim is based on BPI's alleged failure to cast its votes for the board nominee

4  proposed by Baker.

5        Along with the FAC, Baker filed the instant application for a TRO.  Specifically, Plaintiff

6  seeks to enjoin Med-Advantage from entering into an agreement with BPI to provide Med-

7  Advantage with a $3 million line of credit.  The line of credit provides that if Med-Advantage

8  defaults on its payments, BPI has the option of converting the debt to equity shares in the company.

9  Baker contends that this "in effect will allow BPI to extract all of the remaining value of Med-

10  Vantage for the benefit of BPI and its owners."  (Pl.'s App. at 2.)  BPI filed its opposition and

11  supporting papers on March 18, 2009.  The board is scheduled to vote on the proposed transaction

12  on Thursday, March 19, 2009.

13  **II.  LEGAL STANDARD**

14        The standard for a TRO is the same as for a preliminary injunction.  See <u>Lockheed Missle</u>

15  <u>& Space Co. v. Hughes Aircraft</u>, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); <u>c.f.</u>, <u>Motor Vehicle</u>

16  <u>Board of Cal. v. Orrin W. Fox</u>, 434 U.S. 1345, 1347 n.2 (1977).  There are two tests applicable to a

17  preliminary injunction.  Under the traditional formulation, the plaintiff must show (1) a strong

18  likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if

19  preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and

20  (4) advancement of the public interest (if applicable).  See <u>Natural Res. Def. Council, Inc. v.</u>

21  <u>Winter</u>, 518 F.3d 658, 677 (9th Cir. 2008).  Under the alternative formulation, "a court may grant

22  the injunction if the plaintiff demonstrates either a combination of probable success on the merits

23  and the possibility of irreparable injury or that serious questions are raised and the balance of

24  hardships tips sharply in his favor."  <u>Id.</u> (citation omitted).  The two formulations represent two

25  points on a sliding scale with the focal point being the degree of irreparable injury shown.  <u>Oakland</u>

26  <u>Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).  Preliminary injunctive

27  relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by

28

1  a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972

2  (1997) (citation and internal quotations omitted).

3  **II.      DISCUSSION**

4           It is axiomatic that a request for injunctive relief must be predicated on a claim alleged in

5  the complaint.  Here, Plaintiff seeks to assert rights based on alleged harm which might be suffered

6  by Med-Advantage which, in turn, might impair his financial interest in the company.  It is

7  questionable whether Plaintiff has standing to assert such injury.  <u>See Tooley v. Donaldson, Lufkin</u>

8  <u>& Jenrette, Inc.</u>, 845 A.2d 1031, 1033, 1039 (Del. 2004); <u>see also</u> <u>Smith v. Waste Management,</u>

9  <u>Inc.</u>, 407 F.3d 381, 384-85 (5th Cir. 2005) (following <u>Tooley</u>).[1]  Moreover, the Court has serious

10 concerns regarding the propriety of enjoining a transaction where one of the principals to the

11 agreement is not a party to the action, and neither principal requests such relief.  <u>See Krichbaum v.</u>

12 <u>U.S. Forest Service</u>, 991 F. Supp. 501, 507 (W.D. Va. 1998) (denying TRO to enjoin sale of timber

13 where "the third party logging contractor and his employees would be financially harmed.").

14          Perhaps more fundamentally, Plaintiff has failed to demonstrate "that there exists a

15 significant threat of irreparable injury" sufficient to justify the requested TRO.  <u>See Oakland</u>

16 <u>Tribune</u>, 762 F.2d at 1376.  Plaintiff contends that "[i]f the TRO is not granted, BPI will push

17 before the improperly constituted Med-Vantage board a transaction that would forever change the

18 path of the company Baker founded and in which he owns a significant economic interest."  (Pl.'s

19 App. at 13.)  To the extent that Plaintiff's request is premised on the alleged failure of BPI to vote

20 for his board nominee, the Court finds that the TRO request is untimely, since Baker has known

21 about the board's composition since December 2008.  <u>Id.</u> at 1377 (delay undermines showing of

22 lack of urgency and irreparable harm).  In addition, even if Plaintiff's nominee were elected, BP

23 still would control the majority of the board.  (Pl.'s App. at 14.)

24          With regard to the possibility that the BPI line of credit agreement will dilute his stake in

25 the company, Plaintiff makes no showing why such harm cannot be recompensed by monetary

26 

27          [1] The Court need not ultimately determine Plaintiff's likelihood of success on the merits
   where, as here, the movant has not made a "minimal showing" of a significant threat of irreparable
28 injury.  <u>See</u> <u>Oakland Tribune</u>, 762 F.2d at 1377.

1   damages.  See Dotster, Inc. v. Internet Corp. For Assigned Names and Numbers, 296 F. Supp.2d

2   1159, 1162 (C.D. Cal.2003) ("Irreparable injury is an injury that is not remote or speculative, but

3   actual and imminent and for which monetary damages cannot adequately compensate.").

4   Moreover, the harm posited by Baker is entirely speculative.  Plaintiff's dilution allegedly would

5   occur if the idea is presented to the board, if the board accepts, if Med-Advantage defaults under

6   the terms of the credit agreement and then only if BPI elects to convert the debt to equity.

7   "Speculative injury does not constitute irreparable injury sufficient to warrant granting a [TRO]."

8   Caribbean Marine Serv. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

9       Finally, even if Plaintiff had met his burden of demonstrating irreparable harm, the Court

10   finds that the balance of hardships tips in favor of Defendant BPI.  According to Michael

11   Bodenstab, Med-Vantage's Vice-President of Finance, the company will exhaust its operating cash

12   by the end of April 2009.  (Bodenstab Decl. ¶¶ 1-4.)  Absent the proposed line of credit, Med-

13   Vantage is at risk of having to lay off employees, cancel ongoing initiatives and/or cease

14   operations.  (Id.; Goldbach Decl. ¶ 12.)  The burden of these hardships obviously would be suffered

15   by the company, which is not a party to this action.  See Reid L. v. Illinois State Bd. of Educ., 289

16   F.3d 1009, 1021 (7th Cir. 2002) (court must consider harm to third party in granting or denying

17   injunction).  While Plaintiff questions whether Med-Vantage is in fact in financial straits, he fails

18   to proffer any concrete evidence to support his speculation.

19   **II.    CONCLUSION**

20       Plaintiff has failed to make a clear showing that immediate injunctive relief is either

21   necessary or appropriate under the circumstances presented.  Accordingly,

22       IT IS HERE BY ORDERED THAT Plaintiffs' Application for a Temporary Restraining

23   Order and Order to Show Cause re Preliminary Injunction (Docket 95) is DENIED.

24

25   Dated:  March 18, 2009

        _____
        Hon. Saundra Brown Armstrong
26                                      United States District Judge

27

28