IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BAKER,<br><br>      Plaintiff,<br><br>v.<br><br>ARKANSAS BLUE CROSS,<br><br>      Defendant.<br>_____/ | No. C-08-03974 SBA (EDL)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY; AND GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

      Plaintiffs are shareholders of Med-Vantage, and have sued B.P. Informatics ("BPI"), which is the majority shareholder in Med-Vantage, a number of healthcare plans which allegedly control BPI ("the Blue Cross Defendants"), and BPI's designees on the Med-Vantage board, alleging that Defendants breached various corporate fiduciary duties. Before the Court are Defendants' Motion to Stay Discovery and Plaintiffs' Motion to Compel Discovery. For the reasons stated at the March 24, 2009 hearing and in this Order, Defendants' Motion to Stay Discovery is denied, and Plaintiffs' Motion to Compel Discovery is granted in part.

      As of the filing date of Defendants' Motion to Stay, all Defendants had filed motions to dismiss this case on the grounds that Plaintiffs lack standing because the claims they allege are derivative claims. The Blue Cross Defendants moved to dismiss on the further ground that they did not owe Plaintiffs any fiduciary duty because they were not controlling shareholders of Med-Vantage. Defendants seek a stay of discovery, including the obligation to make initial disclosures, on the grounds that discovery should not go forward because the pending motions to dismiss address the threshold standing issue and because the Blue Cross Defendants do not owe a fiduciary duty. In response, Plaintiffs filed a motion to compel discovery and initial disclosures, arguing that the pending motions to dismiss do not justify a stay. On March 17, 2009, Plaintiffs filed an amended

complaint, and on March 19, 2009, Judge Armstrong issued an order denying the Motions to Dismiss as moot.

**Motion to Stay**

The parties dispute the legal standard to be applied to the motion to stay discovery. Defendants argue that they only need show a "clear possibility" of prevailing on the motion to dismiss to obtain a stay of discovery. See GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 286 (S.D. Cal. 2000) ("Along with balancing the harms of staying discovery, the Court should '... take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.'" (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D.Fla.1997)). By contrast, Plaintiffs argue that Defendants must make a strong showing of good cause before discovery can be stayed. See Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) ("We have held, however, that '[a] district court may ... stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.') (citing Wood v. McEwen, 644 F.2d 797, 801-02 (9th Cir. 1981)). The Court declines to reach this unsettled question of law in this case because there are presently no motions to dismiss pending following Judge Armstrong's March 19, 2009 Order.

However, even if motions were pending, under the wide discretion enjoyed by district courts to control discovery, a stay is not appropriate in this case. See, e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). The Court declines to delve too far into the merits of this case, which are for Judge Armstrong to decide. However, the Court notes that it is not clear that Plaintiffs will fail to state a claim, so a stay of discovery is not warranted. See Wenger, 282 F.3d at 1077; Wood, 644 F.2d at 801 ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.") (citing B. R. S. Land Investors v. United States, 596 F.2d 353 (9th Cir. 1978)). First, Plaintiffs have amended their complaint to allege a breach of contract claim that appears to be unrelated to the claims resting on fiduciary duties. Second, although Judge Armstrong stated in her March 19, 2009 Order Denying Plaintiffs' Motion for Temporary Restraining Order that it was "questionable" whether Plaintiffs had standing to assert rights based on

1  alleged harm to Med-Vantage, she declined to reach the standing issue in the context of the Motion
2  for Temporary Restraining Order.  See Order Denying Pls.' Motion for Temp. Restraining Order
3  (docket no. 107) at 3, n.1.  Third, as the Court pointed out at the hearing, Plaintiffs may be able to
4  allege a shareholders' derivative action.  Accordingly, because there are no motions to dismiss
5  pending and because the Court cannot say that Plaintiffs' claims are without merit, the Court denies
6  Defendants' Motion to Stay Discovery.

**Motion to Compel**

In their motion to compel, Plaintiffs seek initial disclosures and responses to a limited set of their written discovery requests served on December 22, 2008.  As stated at the hearing, the Court concluded that limited discovery should begin.  For example, agreements between the Blue Defendants and Med-Vantage or BP Informatics in response to Plaintiffs' request number 27 propounded on the Blue Defendants, to which those Defendants responded with boilerplate objections, should be produced.  See Wolk v. Green, 2007 WL 3203050, at *1 n. 1 (N.D. Cal. Oct. 29, 2007) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").  In addition, in response to Plaintiffs' discovery requests to BP Informatics, BP Informatics argued that Plaintiff were not entitled to use BP Informatics to obtain discovery from Med-Vantage.  See Declaration of Ignacio Salceda Ex. B at 11 (document request number 27: "All document concerning any actual or considered payments, debts or financings after August 22, 2007 between BP Informatics LLC and Med-Vantage, Inc.").  However, to the extent that a party has the legal right to obtain documents from a non-party, those documents may be obtained from that party.  See, e.g., City of Seattle v. Professional Basketball Club, 2008 WL 539809, at * 1-2 (W.D. Wash. Feb. 28, 2008) (ordering production of documents based on the finding of a principal-agent relationship between the party and the non-party whose documents were sought such that there was control of the documents).  At the hearing, Defendants' counsel conceded that BP Informatics has the legal right to obtain certain documents from Med-Vantage by virtue of its position as a controlling shareholder.  Therefore, BP Informatics' objection to discovery of such documents on this ground is overruled.

The Court is troubled by the lack of meet and confer among the parties regarding the scope

3

of discovery. At the hearing, the Court noted that the date restrictions on Plaintiffs' discovery requests may be overbroad, and that the requests may well be susceptible to subject matter limitations. However, Defendants have made no showing of burdensomeness or proportionality with respect to these discovery requests. Therefore, now that the Court has denied the motion to stay and with the Court's guidance above, the parties shall meet and confer to resolve their disputes regarding Plaintiffs' written discovery.

In addition, the parties shall exchange initial disclosures. See Canter & Assocs. v. Teachscape, Inc., 2008 WL 191978, at *1 n. 2 (N.D. Cal. Jan. 22, 2008) (Seeborg, J) (stating that: "The pendency of a motion to dismiss almost never serves to excuse compliance with initial disclosure obligations.").

**Conclusion**

Defendants' Motion to Stay is denied. Plaintiffs' Motion to Compel is granted in part. The parties shall exchange initial disclosures, if they haven't done so already, no later than April 17, 2009.

**IT IS SO ORDERED.**

Dated: March 31, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge