IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BAKER, | No. C-08-03974 SBA (EDL) |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| ARKANSAS BLUE CROSS, et al., | |
| Defendants. | |

Plaintiffs are shareholders of Med-Vantage, and have sued B.P. Informatics ("BPI"), which is the majority shareholder in Med-Vantage, a number of healthcare plans which allegedly control BPI ("the Blue Defendants"), and BPI's designees on the Med-Vantage board, alleging that Defendants breached various corporate fiduciary duties. Before the Court is Plaintiffs' Motion to Compel Discovery. For the reasons stated at the May 26, 2009 hearing and in this Order, Plaintiffs' Motion to Compel Discovery is granted in part.

On March 31, 2009, the Court denied Defendants' Motion to Stay Discovery, and granted in part Plaintiffs' Motion to Compel, concluding that limited discovery should begin. See March 31, 2009 Order at 3-4. On April 21, 2009, Plaintiffs filed this Motion to Compel seeking documents responsive to a limited number of discovery requests. Plaintiffs proposed further limiting discovery to a search group of thirteen custodians, although the search group also included "any employee of defendants who is or has been an acting or permanent employee or officer of Med-Vantage, Inc." Ringgenberg Decl. Ex. C at 1. Plaintiffs argued, however, that they are unaware of any person who

1 falls within the search group protocol who is not already listed by name. Plaintiffs further proposed
2 to limit discovery by date.

3 Defendants argue that they are producing, on a rolling basis, several categories of
4 documents, including those specifically referenced in the Court's March 31, 2009 Order.
5 Defendants oppose further discovery on the ground that responding to Plaintiffs' limited discovery
6 requests would be overly burdensome.

7 In general, the Court concludes that the discovery topics at issue in Plaintiffs' limited set of
8 discovery are relevant and that Plaintiffs are entitled to the majority of discovery that they seek.
9 Moreover, the Court concludes that the search group protocol, at least as it is limited to named
10 individuals, is a reasonable one. At this time, Defendants have failed to demonstrate that the burden
11 of producing documents would be disproportionate. In support of its argument based on burden,
12 Defendants filed the declaration of Michael Bodenstab, who attests to the burden on third party
13 Med-Vantage. The Court is concerned about the burden on Med-Vantage, which is technically a
14 third party, although it is an interested party over which Defendant BPI has some considerable
15 control as the majority shareholder. However, Plaintiffs' discovery requests are narrowly focused.
16 Further, while there may be some burden in responding to this discovery, especially in light of the
17 pending motions to dismiss, Defendants have not yet made an adequate showing of undue burden on
18 the Blue Defendants or BPI that outweighs the likely benefits of this discovery. See Fed. R. Civ. P.
19 26(b)(2)(C)(iii).

20 However, because Defendants took the position that the document production was sufficient
21 and that producing additional documents was unduly burdensome, the parties have not adequately
22 met and conferred regarding responses to the limited discovery that is at issue in this motion.
23 Therefore, the parties shall meet and confer regarding further discovery. As the Court stated at the
24 hearing, some potential ways to further limit the burden on Defendants would be to eliminate some
25 of the individual custodians from the search protocol, to limit production to documents sufficient to
26 show Defendants' responses and to stipulate to search terms to use in searching custodians' files.[1]

27

28     [1] Any limits on discovery now are without prejudice to further discovery if this case survives Defendants' motions to dismiss.

2

Further, the Court notes that cost-shifting of out-of-pocket expenses can be an effective way to relieve burden on a responding party. The Court, however, expresses no view at this time on whether any cost-shifting or attorneys' fees would be appropriate in this case. Accordingly, Plaintiffs' Motion to Compel is granted in part, subject to the parties engaging in the meet and confer process as described above.

**IT IS SO ORDERED.**

Dated: May 29, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge