UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEOFFREY BAKER and ELIZABETH MULLEN,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ARKANSAS BLUE CROSS AND BLUE SHIELD, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, HEALTHCARE SERVICES CORPORATION,  B.P. INFORMATICS LLC, MICHAEL BROWN, PETER GOLDBACH, MICHAEL NEWMAN, BRETT PAINCHAUD, LAURA TUMPERI, and CHRISTOPHER WOODFIN,<br><br>            Defendants. | Case No: CV  08-3974 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO RULE 41(a) AND FOR FINAL JUDGMENT PURSUANT TO RULE 54(b)**<br><br>Docket 177 |

Plaintiffs Geoffrey Baker and Elizabeth Mullen (collectively "Plaintiffs") filed the instant diversity jurisdiction action against B.P. Informatics LLC ("BPI") and other defendants in this Court on August 20, 2008.  The Court previously dismissed all of Plaintiffs' claims except their fourth cause of action for breach of contract, which is alleged solely against BPI.  The parties are now before the Court on Plaintiff's Motion to Dismiss without Prejudice Pursuant to Rule 41(a) and for Final Judgment Pursuant to Rule 54(b).  (Docket 177.)  Having read and considered the papers filed in connection with the motions, and being fully informed, the Court GRANTS Plaintiffs' motion to dismiss their breach of contract claim and DENIES the request for entry of judgment under Rule 54(b).  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I. BACKGROUND

The parties are familiar with the facts and procedural history of this case, which will be summarized only briefly herein. Plaintiffs are minority shareholders in a company known as Med-Vantage, Inc. ("Med-Vantage"), a software company founded by Plaintiff Geoffrey Baker ("Baker"). On August 22, 2007, BPI, Plaintiffs and others entered into a Stockholder Agreement, pursuant to which BPI acquired a 52% interest in Med-Vantage, leaving Baker with a 31% equity interest. Thereafter, BPI took control of the Med-Vantage board of directors and allegedly embarked on a course of action that benefitted BPI and various affiliated entities at the expense of Med-Vantage. As a result of Defendants' alleged misconduct, the value of Plaintiffs' shares in the company declined.

On March 17, 2009, Plaintiffs filed their Amended Complaint against BPI along with various related companies, entities and individual Med-Vantage board members. The Amended Complaint alleged four state law causes of action for (1) breach of fiduciary duty; (2) minority shareholder oppression; (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; and (4) breach of contract. The first three causes of action are alleged against all Defendants, while the fourth claim is alleged against BPI only. In the fourth claim, the Amended Complaint alleges that BPI breached the Stockholders Agreement and the implied covenant of good faith and fair dealing "by failing to vote its Med-Vantage, Inc. shares in favor of directors nominated by Baker, by unreasonably and in bad faith failing to approve nominees proposed by Baker, and by unreasonably and in bad faith failing to act on nominees proposed by Baker." (Am. Compl. ¶ 106.)

On July 31, 2009, the Court granted Defendants' motion to dismiss Plaintiffs' claims for breach of fiduciary duty, minority shareholder oppression and violation of the UCL and denied the motion with respect to the claim for breach of contract. (Docket 155.) As to the first three claims, the Court concluded that they were cognizable only as derivative claims that Plaintiffs lack standing to assert. On August 14, 2009, BPI filed its answer to the Amended Complaint along with a counterclaim for breach of the Stockholder Agreement.

On December 29, 2009, Plaintiffs filed a new lawsuit in San Francisco County Superior Court, derivatively and on behalf of themselves, against the same Defendants in this action. Lugo Decl. Ex. B.  Among other causes of action, Plaintiffs have advanced the same breach of contract claim as alleged in the Amended Complaint. Id. ¶¶ 170-74.  As such, Plaintiffs now move to dismiss their breach of contract claim in this action under Rule 41(a)(2), and for entry of judgment under Rule 54(b) with respect to the claims previously dismissed by the court, i.e, breach of fiduciary duty, minority shareholder oppression and violation of UCL.  Defendants, whose cross-claim remains pending, oppose both requests.

## II. DISCUSSION

### A. DISMISSAL OF CONTRACT CLAIM UNDER RULE 41

Federal Rule of Civil Procedure 41 permits a plaintiff to dismiss its action upon request, upon approval by the district court.  Rule 41(a)(2) provides that:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph … is without prejudice.

Where the request is to dismiss without prejudice, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).  "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . . ." Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1390 (9th Cir. 1986).

Though neither party raises the issue, the Court notes that Plaintiffs' request is, in fact, governed by Rule 15(a) as opposed to Rule 41(a)(2).  Plaintiffs do not seek the dismissal of all claims against Defendants, but rather, simply the dismissal of a single claim against a single defendant.  Where a plaintiff seeks to dismiss some, but not all, of his or her claims, Rule 15 controls.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-688 (9th Cir. 2005) (noting that Rule 41(a) applies to the dismissal of "actions" while Rule 15(a)

applies to the dismissal of individual claims).  Nevertheless, although the parties have framed their arguments under the incorrect rule, resolution of Plaintiffs' request turns on the same inquiry.  See Mechmetals Corp. v. Telex Computer Prods., Inc., 709 F.2d 1287, 1294 (9th Cir. 1983) (noting "'that it is immaterial whether the court acts pursuant to Rule 15(a) or Rule 41(a)(2)'") (quoting Wilson v. Crouse-Hinds Co., 556 F.2d 870, 873 (8th Cir. 1977)).

Turning to the merits, Plaintiffs contend that they seek to dismiss their remaining claim for breach of contract in order to pursue such claim in state court.   In response, BPI contends that it will be legally prejudiced if the Court permits the dismissal of Plaintiffs' contract claim because that "will result in the loss of a federal forum." Def.'s Opp'n at 5.  However, "the need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court." Smith, 263 F.3d at 976; Bader v. Elec. for Imaging, Inc., 195 F.R.D. 659, 662 (N.D. Cal. 2000) ("while a change from federal to state court might create a tactical disadvantage to defendants, that is not legal prejudice.").

Alternatively, Defendants contend that the Court should reject Plaintiffs' request to dismiss their contract claim on grounds that they are engaging in forum shopping.  A motion for dismissal under Rule 41(a)(2) may be denied where the party seeking dismissal is doing so to avoid having its claim heard by a particular judge or court.  See Kern Oil and Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1389-90 (9th Cir. 1986).  At first blush, the timing of the instant request certainly is curious, given that it comes late in the proceedings and *after* Plaintiffs suffered adverse rulings on two critical motions.  At the same time, the Court notes that Plaintiffs have commenced a state court action in which they have now alleged derivative claims on behalf of Med-Vantage, as well as a direct claim for breach of contract.  See Lugo Decl., Ex. B.  As such, Plaintiffs have made a plausible showing that their desire to avoid duplicative proceedings by proceeding only in state court is, at least facially, a plausible one.  The Court will therefore permit Plaintiffs to dismiss their remaining contract claim against BPI.

### B.   CERTIFICATION OF JUDGMENT UNDER RULE 54(B)

Under Rule 54(b), the Court, in its discretion, may order entry of final judgment as to one or more but fewer than all claims in an action involving multiple claims or parties.  This

rule provides, in pertinent part, that "when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. 54(b) (emphasis added).  The purpose of certifying a judgment for immediate appeal is to promote the "expeditious" disposition of the case.  Texaco Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991).

There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted).  Thus, while the decision to grant Rule 54(b) certification is a matter of the court's discretion, the Ninth Circuit has advised that "'[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" Texaco, 939 F.2d at 797 (quoting Morrison-Knudesen Co., Inc. v. Archer, 655 F.2d 962, 955 (9th Cir. 1981)).

Plaintiffs insist that the entry of judgment on their dismissed claims is necessary for them to pursue an immediate appeal.  However, they have made no showing that this case is sufficiently "unusual" or that they have a "pressing need" to pursue their appeal now, as opposed to waiting until Defendants' pending, related counterclaim is resolved.  In contrast, entering a final judgment on the dismissed claims would undermine judicial efficiency, as it would effectively result in having Plaintiffs' claims pending in three fora:  this Court, state court, and the court of appeal.  In any event, far from being the unusual case, this is the usual case where some issues are adjudicated earlier than others.  In sum, Plaintiffs have failed to make the convincing showing that entry of judgment under Rule 54(b) is warranted.

III. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Dismiss without Prejudice Pursuant to Rule 41(a) and for Final Judgment Pursuant to Rule 54(b) is GRANTED with respect to their request to dismiss their fourth claim for breach of contract without prejudice, and DENIED as to Plaintiffs' request for entry of judgment as to their first, second and third claims.

2. The Case Management Conference previously scheduled for May 25, 2010 is CONTINUED to June 22, 2010 and shall follow the hearing on Plaintiffs' motion for summary judgment.

3. This Order terminates Docket 177.

IT IS SO ORDERED.

Dated: June 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge