UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEOFFREY BAKER and ELIZABETH MULLEN,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ARKANSAS BLUE CROSS AND BLUE SHIELD, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, HEALTHCARE SERVICES CORPORATION,  B.P. INFORMATICS LLC, MICHAEL BROWN, PETER GOLDBACH, MICHAEL NEWMAN, BRETT PAINCHAUD, LAURA TUMPERI, and CHRISTOPHER WOODFIN,<br><br>        Defendants.<br><br>B.P. INFORMATICS LLC,<br><br>        Counterclaimant,<br><br>   vs.<br><br>GEOFFREY BAKER and ELIZABETH MULLEN,<br><br>        Counterdefendants. | Case No: CV  08-3974 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM**<br><br>Docket 189 |

Plaintiffs Geoffrey Baker and Elizabeth Mullen (collectively "Plaintiffs") filed the instant diversity jurisdiction action against B.P. Informatics LLC ("BPI") and other defendants in this Court on August 20, 2008.  All of Plaintiffs' claims have been dismissed, and the only claim remaining in this action is BPI's counterclaim for breach of contract.  The parties are

presently before the Court on Plaintiffs' Motion for Summary Judgment. (Docket 189.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.   **BACKGROUND**

The parties are familiar with the facts and procedural history of this case, which only will be summarized briefly herein. Med-Vantage, Inc. ("Med-Vantage") is a software company founded by Plaintiff Baker in 2001. On August 22, 2007, Plaintiffs and others entered into a Stockholder Agreement, pursuant to which BPI acquired a 52% interest in Med-Vantage, leaving Baker with a 31% equity interest. Thereafter, BPI and various related entities assumed control of the Med-Vantage board and allegedly began operating the company for their benefit, to the detriment of minority shareholders, including Plaintiffs.

On August 20, 2008, Plaintiffs filed suit in this Court against various defendants, including BPI, for breach of fiduciary duty, minority shareholder oppression, violation of California's Unfair Competition Law and breach of contract. Plaintiffs filed a First Amended Complaint on March 17, 2009, alleging the same causes of action. In their breach of contract claim, Plaintiffs averred that BPI breached the Stockholder Agreement by failing to vote their shares at the December 8, 2008, stockholder's meeting in favor of the two nominees that Baker had proposed for the board.

In response to the amended complaint, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). On July 31, 2009, the Court granted Defendants' motion in part and dismissed all claims except Plaintiffs' fourth cause of action for breach of contract. On August 14, 2009, BPI filed an answer to the amended complaint, along with a counterclaim for breach of contract. The counterclaim, which is the flipside of Plaintiffs' contract claim, alleges that "[a]t the Med-Vantage Meeting held on December 8, 2008, Baker and Mullen did not vote for any of the directors that BPI had nominated," ostensibly in violation of Section 2.2 of the Stockholder's Agreement. (Counterclaim ¶¶ 11-12.)

On June 1, 2010, the Court granted Plaintiffs' motion to voluntarily dismiss their breach of contract claim. Plaintiffs now move for summary judgment on BPI's counterclaim on the ground that it cannot show that it suffered any damages from the alleged breach of the Stockholder's Agreement. Plaintiffs contend that because BPI held the majority of shares, its nominees were elected to the board, notwithstanding the fact that Plaintiffs voted for Baker's nominees. (Baker Decl. ¶¶ 3-4.) Nonetheless, BPI alleges that it has been injured "in that it has been forced to defend a meritless suit, which is barred by [Plainitffs'] own conduct, including without limitation that Baker and Mullen come to this action with unclean hands." (Counterclaim ¶ 14.)

## II.   LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

An issue of fact is "material" if, under the substantive law of the case, resolution of the factual dispute might affect the outcome of the claim. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." Id. at 250. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted). Only admissible evidence may be considered in ruling on a motion for motion for

summary judgment. Fed.R.Civ.P. 56(e); Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002).

## III. DISCUSSION

### A. BREACH OF CONTRACT

Delaware law governs the Stockholder Agreement. (Moreno Decl. Ex. A § 12.7.) Under Delaware law, the elements of a breach of contract under Delaware law are: (1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) resulting damage to the plaintiff. H-M Wexford LLC v. Encorp, Inc., 832 A.2d 129, 140 (Del. Ch. 2003). To be recoverable, the damages sought in a breach of contract claim must be the natural and probable consequence of the conduct constituting the breach. See Paul v. Deloitte & Touche, LLP 974 A.2d 140, 147 (Del. 2009). In other words, the claimed damages must be proximately caused by breaching party's alleged actions. F.E. Myers Co. v. Pipe Maint. Servs., Inc., 599 F. Supp. 697, 703 (D. Del. 1984). The failure to establish damages resulting from an alleged breach is fatal to claim for breach of contract. See Paul, 974 A.2d at 147 (affirming grant of summary judgment where plaintiff suffered no damages resulting delayed payment of severance, notwithstanding that such delay contravened terms of agreement).

Plaintiffs contend that BPI cannot show that it suffered any damages resulting from their failure to vote their shares for BPI's nominees. Specifically, Plaintiffs point out that their votes were superfluous because BPI's nominees were elected to the Med-Vantage board, notwithstanding Plaintiffs' decision to vote for Baker's nominees. As noted, BPI does not dispute this, but instead, argues that it has been injured by having incurred legal fees defending against Plaintiffs' lawsuit. (Def.'s Opp'n at 7; Counterclaim ¶ 13.) However, BPI's legal fees resulted from Plaintiffs' decision to file this lawsuit, *not* because of the Plaintiffs' decision to vote for Baker's nominees. Tellingly, BPI offers no evidence or cogent explanation as to how Plaintiffs' voting decision caused BPI to defend this case and concordantly incur legal fees. Thus, the Court concludes that BPI's legal fees do not constitute damages caused by Plaintiffs' alleged breach of the Stockholder Agreement. See Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist., 739 F.2d 1472, 1480 (10th Cir.

1984) ("[legal] expenses are generally not considered 'damages' because they are not the legitimate consequence of the tort or breach of contract sued upon").

### B. DECLARATORY RELIEF

Alternatively, BPI argues that no showing of damages is required for declaratory relief. Def.'s Opp'n at 4.[1] This contention also lack merit. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). A plaintiff seeking declaratory relief cannot rely on past injury to satisfy the injury requirement for federal jurisdiction. O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). Rather, a plaintiff must show a significant possibility of future harm. Coral Constr. Co. v. King County, 941 F.2d 910, 929 (9th Cir. 1991). Absent such a showing, a plaintiff has no standing to seek declaratory relief. Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1044 (9th Cir. 1999).

As set forth above, there is no evidence BPI has suffered any harm resulting from Plaintiffs' decision not to vote for BPI's board nominees at the stockholder meeting. Nor is there any evidence to show that there is any possibility of future injury. To the contrary, BPI's counterclaim is based on a past event; namely, Plaintiffs' refusal to vote for BPI's board nominees at the December 8, 2008 stockholder meeting. As such, BPI's injury, if any, occurred in the past, and there no showing of any possible future harm. Given these circumstances, BPI has no standing to seek declaratory relief. See Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) ("a plaintiff who has standing to seek damages for a past injury, or injunctive relief for an ongoing injury, does not necessarily have standing to seek prospective relief such as a declaratory judgment."); San Diego Police Officers' Ass'n v. San

---

[1] The Declaratory Judgment Act permits federal courts to "declare the rights and other legal relations" or parties to "a case of actual controversy." 28 U.S.C. § 2201. BPI's counterclaim is for breach of contract, not declaratory relief. Only in its prayer for relief does BPI briefly mention that it seeks a "judgment against Plaintiffs declaring Baker and Mullen have violated the Stockholders' Agreement." (Counterclaim at 15.)

Diego City Employees' Retirement Sys., 568 F.3d 725, 736 (9th Cir. 2009) ("with no live case or controversy before us, there is no call for such declaratory relief").

### C.  RULE 56(F)

Finally, BPI argues that it is premature to resolve its counterclaim on the ground that little discovery has taken place. Def.'s Opp'n at 11. "A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." Mackey v. Pioneer Nat. Bank, 867 F.2d 520, 524 (9th Cir.1989) (internal citations omitted). The party seeking a continuance of discovery must show "(1) that [he has] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

As an initial matter, BPI's assertion that it has had insufficient time to conduct discovery is specious. The stockholder's meeting at which Plaintiffs cast the votes at issue occurred on December 8, 2008. BPI has thus had ample opportunity to assemble the evidence in support of their claim that Plaintiffs' voting decision caused it harm. This is especially true given that evidence of how BPI allegedly was harmed should be within BPI's knowledge and control. See Schwarzer, Tashima & Wagstaffe, Calif. Practice Guide:  Fed. Civ. P. Before Trial, ¶ 14.116 (TRG 2010) ("if the evidence is already within his or her control, a request for discovery may be denied."). BPI's lack of diligence in conducting discovery, standing alone, militates against granting its requested continuance. See Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) ("the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.") (internal quotations and citation omitted).

Even if BPI were diligent, it has failed to persuade the Court that any additional discovery would preclude summary judgment. In the accompany declaration of its counsel, BPI claims that it should be allowed additional discovery to explore the purpose of the voting provision of the Stockholder's Agreement, the harm to board allegedly resulting from

Plaintiffs' votes, statements made by Plaintiffs regarding BPI's board nominees and Plaintiffs' awareness of the "wrongfulness" of their actions. (Moreno Decl. ¶¶ 7-8.) It is unclear what bearing any of these vaguely-described topic matters have on BPI's ability to establish contract damages or otherwise preclude summary judgment. To the contrary, it is evident that such purported facts have no bearing on the issue of contract damages based on Plaintiffs' alleged conduct. BPI's Rule 56(f) request is denied.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Summary Judgment is GRANTED. Judgment on BPI's counterclaim shall be entered in favor of Plaintiff. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: June 21, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge